UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80680-CIV-RYSKAMP/VITUNAC

INFINITY GLOBAL, LLC, a
Delaware Limited Liability Company,

    Plaintiff,

v.

RESORT AT SINGER ISLAND, INC., a
Florida Corporation, and WCI
COMMUNITIES, INC., a Delaware
corporation,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court pursuant to Defendants' Motion to Dismiss the Amended Complaint, filed October 5, 2007 **[DE 15]**. Plaintiff responded on November 12, 2007 **[DE 22]**. Defendants replied on November 20, 2007 **[DE 24]**. Plaintiff filed a sur-reply on December 27, 2007 **[DE 28]**. Defendants filed a response to the sur-reply on January 4, 2008 **[DE 29]**. This motion is ripe for adjudication.

### I.    BACKGROUND

On September 15, 2004, Plaintiff executed three purchase agreements wherein it agreed to purchase from Defendant(s) condominium units to be built at 3800 North Ocean Drive, Singer Island, Palm Beach County, Florida. (Amended Compl., 6.) In connection with each purchase,

Plaintiff deposited with Defendants an amount representing 20% of the purchase price.  Total deposits for the first two units totaled $670,000.  (Amended Compl., 9-11.)  The contract on the third unit was fully closed with the payment for title insurance as well as a late closing penalty.  (Compl., 12.)  Plaintiff has demanded the return of the deposits on the first two units.  (Amended Compl., 14.)

Plaintiff alleges that Defendant(s) violated the Interstate Land Sales Full Disclosure Act ("Act") 15 U.S.C. § 1701, *et seq*., by charging interest during a cure period after the purchaser breached the sale contract by failing to close, stating in the contract that an affiliated title insurance company charges the "minimum rate promulgated by the Florida Department of Insurance" and charging a "penalty" if a purchaser used a different title insurance company, requiring a purchaser to sign a release in connection with the refund of part of the purchaser's deposit, providing Plaintiff with an updated assessment budget showing that Plaintiff would be charged the same total assessments as reflected in the original assessment budget provided in the condominium prospectus, and failing to provide Plaintiff with a "complete" property report for two of the units it contracted to purchase.  Plaintiff also alleges that this alleged conduct violates the Florida Deceptive and Unfair Trade Practices Act ("Florida Act"), Fl. Stat. Ch. 501, *et seq*.

## II.     LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  When examining a motion to dismiss, this Court considers whether the plaintiff has alleged facts sufficient to state a claim for relief.  "While a complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" Bell Atlantic Corp.v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)(citing Conley v. Gibson, 355 U.S. 41, 47, 78, Sup.Ct. 99, 103 (1957)), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65 (citing Papasan v. Allain, 478 U.S. 265, 268, 106 S.Ct. 932 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

### III.   DISCUSSION

The intent of the Act is to "compensate purchasers, who may have lost their life savings by investing in fraudulent land sales." Fitzgerald v. Century Park, Inc., 642 F.2d 356, 358 (9th Cir. 1981). The Act "is an anti-fraud statute utilizing disclosure as its primary tool, much like the securities laws." Winter v. Hollingsworth Props., Inc., 777 F.2d 1444, 1447 (11th Cir. 1985). 15 U.S.C. § 1703(a) prohibits developers "with respect to the sale or lease, or offer to sell or lease, any lot" from "[employing] any device, scheme, or artifice to defraud;... [or engaging] in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

15 U.S.C. § 1703(d) requires that a sales contract contain a term providing that the buyer shall have 20 days to cure any default. 15 U.S.C. § 1703(d)(3) requires that a sales contract contain a provision requiring the seller to refund to the buyer, upon the buyer's default, the amount that remains "after subtracting (A) 15% of the purchase price of the lot, excluding any interest owned under the contract or agreement, or the amount of damages incurred by the seller

or lessor (or successor thereof) as a result of such breach, whichever is greater, from (B) the amount paid by the purchaser or lessee with respect to the purchase price of the lot, excluding any interest paid under the contract or agreement."

Plaintiff maintains that Defendants' "practice of requiring persons which they allow to close late to pay interest and/or their practice of requiring a signed release before receiving the refund they are entitled to, eviscerates their attempt to comply with Section 1703(d)." Plaintiff claims that Defendants failed to comply with this section by requiring buyers in default to pay interest and to sign a release before refunding the amounts described in the section. Plaintiff maintains that the terms of the contract requiring interest during the cure period and requiring the signing of the release render the contract illusory. The applicable provision, 15 U.S.C. § 1703(d)(2), provides that if a contract covered by the statute does not contain a provision allowing a purchaser notice and 20 days to cure, it may be revoked by the purchaser for two years from the date of the signing of such contract. Plaintiff does not dispute that the contract contains a provision allowing it to remedy any default within 20 days after notice, nor does Plaintiff cite any authority for the proposition that the charging of interest during the cure period or requiring signing of a release violates the statute. The only authority Plaintiff cites is Samara Dev. Corp. v. Marlow, 556 So.2d 1097 (Fla. 1990), in which the Florida Supreme Court determined that a developer was not really obligated to complete a condominium within two years, as required to qualify for an exemption under Act, because the purchaser had no way to enforce the obligation. Id. at 1100. Here, nothing in the contract prevents the purchaser from exercising the right to cure within the 20 day period. Had Defendants chosen not to honor this provision of the contract by forcing Plaintiff to close immediately, Plaintiff would still be left with the remedy in that it could

bring an action enforcing the right to cure.  Plaintiff has cited no authority for the proposition that requiring interest during the cure period or requiring  the signing of a release renders the contract illusory.

Plaintiff also maintains that requiring the signing of the release constituted a fraud and a deceit in violation of 15 U.S.C. § 1703(a), but fails to state how requiring the release was actually fraudulent.  Nor does Plaintiff provide any legal authority for its allegation that the prohibition of fraudulent practices also applies to a notice of default and termination of the contract.  The language of the Act prohibits fraudulent practices "with respect to the sale or offer of sale" of a lot, not after default, when it is clear that there will be no sale at all.  15 U.S.C. § 1703(a)(1).

Defendants' argue that this claim is time-barred under the Act.  The statute of limitations is an affirmative defense inappropriate for resolution on a motion to dismiss.  See Fed.R.Civ.P. 8(c) (listing statute of limitations as an affirmative defense).  Such an argument is more appropriate for resolution on a Motion for Summary Judgment.

Next, Defendants argue that the representations concerning title insurance rates were not untrue or misleading.  Plaintiff alleges that it was "misled by the written contract into believing that the rate charged by [Defendant's] affiliated business is the bare minimum available charge as allowed by Department of Insurance."  (Amended Complaint, 24.)  Plaintiff maintains that the minimum rate is false because a title insurance agent can now rebate a portion of the premium set forth in Florida Admin. Code Rule 69O-186.003.

Defendants maintain that whether a title insurance agent rebates a portion of the premium does not affect the truth or falsity of disclosure of title insurance rates.  Moreover, the cases cited by Plaintiff involve situations in which a developer made false statements about the value of the

property, either for resale purposes or with respect to improvements to be constructed on the property.  In <u>United States v. Goldberg</u>, 527 F.2d 165, 170 (2d Cir. 1975), the developer told purchasers that they would be able to construct on the lots septic tank system that would be approved by the local government.   Actually, however, the local government would not issue a permit for construction of septic tanks on the lots, which were unsuitable for conventional septic tank systems, until it received State approval.  In <u>United States v. Amrep Corp.</u>, 560 F.2d 539, 543 (2d Cir. 1977), the developer's agents told purchasers that Albuquerque was situated geographically such that it could grow only toward the northwest, where the lots were, and that the lot purchase "would be a safe, profitable investment."  The court held that the jury could have believed that these representations were untrue, given that Albuquerque had not grown toward the lots.  Finally, <u>Jackson v. Buyers Source Sugarmill, LLC</u>, 2004 WL 5381447, at *1-2 (E.D. Va. Aug. 3, 2004), involved misrepresentations made by several agents of the developer, concluding that other purchasers had resold their lots for profit, that the purchasers have no trouble reselling their lots or profit, and that there were no homeowners association dues associated with the property.  The cases cited by Plaintiff relate to statements concerning the nature of the property being sold on its resale value.  Plaintiff has cited no authority for the proposition that misrepresenting the cost of title insurance states a cause of action under the Act.

      Plaintiff alleges that Defendants did not present an accurate representation of the monthly association dues.  Defendants maintain that this allegation failed to satisfy the <u>Twombly</u> standard for a motion to dismiss.  Pursuant to the new standard, a plaintiff must be able to plead out of "neutral territory" to resist a motion to dismiss.  Where the facts pled, as opposed to legal conclusions asserted, allow the possibility of legal conduct alongside the possibility of conduct

giving rise to liability, the complaint should be dismissed. <u>Twombly</u>, 127 S.Ct. at 1255. Here, the only factual basis Plaintiff offers for the conclusion that the budget was not an "honest assessment" of costs is that the line by line charges in the monthly assessment charged to unit owners in the estimated budget provided in the condominium prospectus and the later budget included prior to closing were different. Nevertheless, the actual, bottom-line association fee did not change. Plaintiff alleges that the line by line changes indicate that the budget was not an "honest assessment" of monthly costs. Accordingly, Plaintiff's allegations as to the budget leave open the possibility that the line by line item changes comported with the statute. As such, Plaintiff has failed to state a claim for relief as it relates to the budget.

Defendants next claim that the allegation that Plaintiff did not receive a complete property report fails to state a claim under the statute. Although two of the property reports attached to the Amended Complaint appear to be missing the table of contents as well as the first page, one of the reports attached as Exhibit F includes all of this information. Here, Plaintiff's own acknowledgment indicates that it was on notice of all material information about the property. This claim must therefore be dismissed. <u>See</u> <u>Crystal v. Foy</u>, 562 F. Supp. 422, 427 (S.D.N.Y. 1983) (dismissing complaint upon examining sources cited by plaintiff as containing misrepresentations and finding that "Plaintiff's own source repels her claim...").

Plaintiff also alleges that Defendant violated the FDUTPA, which prohibits "[u]nfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). The purpose of the statute is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). Deception

"occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."  <u>Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems USA, Inc.</u>, 2005 WL 975773, *8 (S.D. Fla. Mar. 4, 2005).  To state a cause of action under FDUTPA, a plaintiff must do more than merely allege in a conclusory fashion that a defendant's actions constituted an "unfair or deceptive act" or that the defendant acted "wrongfully, unreasonably and unjustly" and for a "deceptive and improper purpose."  <u>Id</u>. at *8.

Plaintiff claims that Defendants violated the FDUTPA because violations of the federal statute constitute per se violations of the FDUTPA, because Defendants allegedly misled Plaintiff as to the title insurance rate, and because Defendants allegedly included a budget that did not honestly represent association dues in its pre-closing notice.  As stated above, there are no violations of the Act to serve as the basis of a FDUTPA claim.  Furthermore, as already stated, none of the conduct alleged to have violated FDUTPA is deceptive or misleading.  Accordingly, Plaintiff has failed to state a claim under this statute.

Plaintiff also claim that the contract is void as it was illegal under both statutes.  The Court declines to address the question of the validity of the contract on the motion to dismiss, especially where Plaintiff has failed to state a claim under either statute.

### IV.   <u>CONCLUSION</u>

THE COURT, having considered the motion to dismiss and the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the Motion to Dismiss the Amended Complaint, filed

9

October 5, 2007 **[DE 15]**, is GRANTED.  The dismissal is without prejudice, and Plaintiff shall have 10 days from the date of this Order to file a Second Amended Complaint that states a claim under the applicable statutes.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 10th day of April, 2008.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE
